UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. HILL : | |
| 6064 N. 21st Street : | |
| Philadelphia, PA 19138 : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL ACTION |
| : | |
| SCHOOL DISTRICT OF : | |
| PHILADELPHIA : | |
| 440 N. Broad Street, 3rd Flr. : | |
| Philadelphia, PA 19130 : | |
| : | |
| Defendant : | |
| : | |

**COMPLAINT**

**JURISDICTION**

1. Plaintiff, James S. Hill, invokes this Court's jurisdiction under 28 U.S.C. 1331 and 1343 on the ground that this action arises under the First and Fourteenth Amendments to the U.S. Constitution and under 42 U.S.C. 1981, 1983, 1985 and 1986. Plaintiff invokes this Court's jurisdiction. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. 2201, 2202. Plaintiff invokes this Court's supplemental jurisdiction with respect to his claims based on the statutory and common law of the Commonwealth of Pennsylvania.

**VENUE**

2. This action properly lies in the Eastern District of Pennsylvania Civil Division pursuant to 28 U.S.C. 1391( c ) because the Defendant and Plaintiff reside in Eastern

Pennsylvania, Defendant conducts business, has significant contacts in Pennsylvania and is subject to personal jurisdiction in Pennsylvania.

**PARTIES**

3. Plaintiff James S. Hill is a black African- American citizen and resident of the United States and of the Commonwealth of Pennsylvania and resides at the above-captioned address.

4. Defendant, The School District of Philadelphia, (hereinafter referred to as "Defendant Employer".) is a state actor with offices at the above-captioned address. Additionally, Defendant Employer at all times pertinent hereto was the employer of Plaintiff.

**FACTS**

5. Plaintiff incorporates by reference paragraphs 1 through 4 Of this Complaint as though same were fully set forth at length herein.

6. Plaintiff was hired by Defendant Employer as a teacher in 19??.

7. During his career as a teacher, Plaintiff has worked at numerous schools in the School District of Philadelphia primarily as an industrial arts teacher.

8. During Plaintiff's career he has been subjected to race discrimination which has caused him to file charges of discrimination and a federal court claim.

9. In August of 2003, Plaintiff file a complaint in the United States District Court for The Eastern District of Pennsylvania alleging claims for race discrimination and retaliation against Defendant, School District of Philadelphia.

10. In March of 2004, Plaintiff and Defendant Employer entered into a settlement to resolve Plaintiff's claims. At true and correct copy of Settlement Agreement is attached hereto as Exhibit "A".

11. As a result of the settlement, Plaintiff received a one year sabbatical and received wages consistent with the School District's policy regarding sabbaticals.

12. At the conclusion of his sabbatical Plaintiff was to return to active employment. The Agreement specifically provided: "Plaintiff will be permitted to select a position within his certification area for the 2004-05 school year in accordance with his seniority." (Paragraph 2(b) of Exhibit "A".)

13. Plaintiff's sabbatical ended in January of 2005.

14. Instead of receiving a position in accordance with his seniority and the collective bargaining agreement between Defendant Employer and the Philadelphia Federation of Teachers, Plaintiff was provided an over-appointment position.

15. Pursuant to said over-appointment, from January until June of 2005, Plaintiff worked as industrial arts teacher at Shaw Middle School.

16. In June of 2005, Plaintiff was laid off in violation of his seniority rights. Plaintiff was denied the opportunity to select a position in accordance with his seniority.

17. Since his layoff, Plaintiff sought employment and to enforce of his bumping rights and the Settlement Agreement. Each time he sought to secure employment and/or enforce his seniority he was:

    a. Informed that no positions were available within his certification; or,

    b. Informed that he could not bump lesser employees; or,

    c. Denied his rights under the collective bargaining agreement; or,

    d. Denied employment due to the manipulation of job classifications by employees and officers employed by the School District.

18. At all times relevant, Defendant Employer acted purposefully, intentionally and willfully to deny Plaintiff access to employment and to deny him his rights under the collective bargaining agreement.

19. At all times relevant, Defendant Employer's acts were done in retaliation for Plaintiff having brought previous claims against the School District of Philadelphia.

20. At all times relevant, Defendant Employer has provided preferential treatment to Caucasian employees with less credentials and seniority than Plaintiff.

21. At all times relevant, Defendant Employer has breached the March 2004 Settlement Agreement causing Plaintiff to suffer damages. (See Exhibit "A".)

22. At all times relevant, Defendant's actions have caused Plaintiff to suffer substantial losses of income, pension benefits and other losses.

### COUNT I - 42 U.S.C. § 1983

23. Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though same were fully set forth at length herein.

24. Defendant acting under color of Pennsylvania law, subjected Plaintiff to the deprivations of the following rights, privileges and immunities secured by the Constitution and laws of the United States when they decided to discriminate against and retaliate against Plaintiff in his rights to employment and to have access to a meaningful institutional remedy for the violation of his rights.

(a) The Defendant has deprived Plaintiff of his right of free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions to an impermissible extent on Plaintiff's exercise of his free speech right.

(b) The Defendant has deprived Plaintiff of his right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the U.S. Constitution by intentionally basing its decisions to an impermissible extent on Plaintiff's race, color and national origin.

( c ) The Defendants deprived Plaintiff of his right to due process of law under the Fourteenth Amendment to the U.S. Constitution by refusing to remedy wrongful disciplinary actions and causing Plaintiff to be terminated from work, failing to abide by its own substantive requirements for discipline and failing to abide by its procedural requirements for a grievance appeal within the institution from and adverse decision rendered against Plaintiff .

25. As a result of the foregoing deprivations. Plaintiff has been terminated unlawfully from his employment, retaliated against for filing previous complaints of discrimination has failed to obtain the privileges of his employment, rights which he would otherwise be entitled, has suffered anxiety and other distress, has suffered humiliation and embarrassment as a result of being effectively discharged from employment he had maintained, has suffered and will continue to suffer loss wages and fringe benefits as an employee of Defendant Employer and has suffered other compensatory damages to be proved at trial.

## COUNT II - 42 U.S.C. § 1981

26. Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint as though same were fully set forth at length herein.

27. Defendant has deprived Plaintiff of his right to make and enforce contracts and to the full and equal benefit of Defendant Employer's regulations and all laws and proceedings for the security of Plaintiff's employment because of Plaintiff's race and national origin in violation of 42 U.S.C. §1981.

28. Plaintiff has been damaged by virtue of Defendants' conduct alleged in the foregoing paragraph in the same manner as alleged in paragraph 25 above, which is incorporated herein by reference, and is entitled to recover these damages from the appropriate defendants.

### COUNT IV - STATE LAW CLAIMS

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though same were fully set forth at length herein.

30. Defendant has at all times material to the foregoing claims acted wilfully and with malice toward Plaintiff.  The Defendant knew, or reasonably should have known, that the aforementioned conduct was in violation of Defendant Employer's handbook and the laws of Pennsylvania and the United States.  At least the Defendant knew, or reasonably should have known, that Plaintiff was subject to harassment and discrimination; yet, Defendant took no action to cease their wrongful conduct and in fact, committed further acts designed to cover up the patent discrimination against Plaintiff because of his race and color. Accordingly, Plaintiff is entitled to exemplary and punitive damages.

31. Defendant's actions constitute a breach of contract.

32. Defendant is liable for all damages that directly or indirectly flow from the breach of contract.

**WHEREFORE**, Plaintiff, James S. Hill, respectfully requests that the honorable Court enter an  order providing the following:

a. That Plaintiff recover from Defendant back wages, front pay compensatory damages, exemplary and punitive damages and such other monetary relief the Court deems just.

b. That Plaintiff recover from Defendant his costs, including expert witness fees and

reasonable attorneys' fees, together with such other remedies as may be provided by law; and

    c.  That the Court grant such other relief as it deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial of twelve jurors.


                                          WILLIAM J. FOX, ESQUIRE
                                          Attorney for Plaintiff
                                          1626 Pine Street
                                          Philadelphia, PA 19103
                                          (215) 546-2477

Dated:_____